**FILED**
**CLERK, U.S. DISTRICT COURT**

FEB 13 2015

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ vdr _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANTON NG & MEI YAN NG, AS CO-TRUSTEES OF THE NG FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN RODARTE & RACHEL RODARTE, DOE 1 through DOE III, inclusive,<br><br>Defendants. | CASE NO.  CV 15-00962-FMO (MANx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On February 10, 2015, Renata Castro ("Castro") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against Martin Rodarte and Rachel Rodarte on December 8, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. 14U15721.  Castro also presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim against the Rodartes (the "Unlawful Detainer Action").  The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not

properly removed.   To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Castro alleges that the Complaint is removable, because this Court has original jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1331.  Castro asserts that federal question jurisdiction exists, because plaintiffs have violated the Fair Housing Act and 42 U.S.C. § 3604(f)(3) by:  refusing to permit reasonable modification of the premises to accommodate Castro's disabled roommate; and not bringing the premises into compliance with requirements for disabled tenants.  To remove a case based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint which the defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations).  "A defense that raises a federal question is inadequate to confer federal jurisdiction." Id.  Even if Castro could establish that plaintiffs violated federal law in connection with the rental property that is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in the state action and/or provide the basis for a separate lawsuit.  Castro's allegations do not confer federal question jurisdiction over the Unlawful Detainer Action.

Castro does not contend that diversity jurisdiction exists.  The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000.  Indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000."  Thus, diversity jurisdiction is lacking.  See 28 U.S.C. § 1332(a).

The Complaint does not allege any basis for federal subject-matter jurisdiction, and

- 2 -

thus, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place. Therefore, removal was improper. 28 U.S.C. § 1441; *see* <u>Exxon Mobil Corp v. Allapattah Svcs., Inc.</u>, 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Stanley Mosk Courthouse, 110 North Grand Avenue, Los Angeles, California 90012-3014, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: February 13, 2015

_____
/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE